IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal No. 08-412 |
| | ) |
| BILLY LOVE DAWKINS, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 26th day of October, 2009, upon consideration of Defendant's Motion to Reconsider (Document No. 320) filed in the above captioned matter on October 22, 2009,

IT IS HEREBY ORDERED that said Motion to Reconsider is GRANTED.

Upon Reconsideration, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (document No. 310) filed in the above captioned matter on October 12, 2009, is DENIED.

Defendant, Billy Love Dawkins, argues that the indictment against him should be dismissed on double jeopardy grounds because he cannot be punished twice for the conduct underlying his 2006 and 2007 state drug-related convictions. "A defendant bears the initial burden of presenting evidence to put his double jeopardy claim at issue.  If the defendant makes a non-frivolous showing of double jeopardy, he is entitled to a pre-trial hearing to determine the merits of his claim." United States v. Rigas, ___F.3d ___, 2009 WL 3365914, at *5 (3d. Cir. Oct. 21, 2009) (citations and internal quotation marks omitted). Because Defendant Billy Love Dawkins' argument is frivolous, he is not

entitled to an evidentiary hearing, and his Motion to Dismiss will be denied.

"Successive prosecutions are barred by the Fifth Amendment only if the two offenses for which the defendant is prosecuted are the 'same' for double jeopardy purposes." Heath v. Alabama, 474 U.S. 82, 87 (1985). As the Supreme Court of the United States has long recognized, the dual sovereignty doctrine provides that "[w]hen a defendant in a single act violates the peace and dignity of two sovereigns by the breaking the laws of each, he has committed two offenses." Id. at 88 (citing United States v. Lanza, 260 U.S. 377, 382 (1922)) (internal quotation marks omitted). "[T]he States are separate sovereigns with respect to the Federal Government because each State's power to prosecute is derived from its own 'inherent sovereignty,' not from the Federal Government." Heath, 474 U.S. at 89 (citations omitted). Therefore, assuming that Defendant Billy Love Dawkins is being prosecuted here on the basis of the same conduct for which he was already convicted and punished in state court, the state convictions and the instant Federal offenses are not the "same" for double jeopardy purposes. "[A]n act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each." Lanza, 260 U.S. at 382.

            s/Alan N. Bloch
            United States District Judge

ecf:  Counsel of record