IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.           ) | Criminal No. 08-412 |
| ) | |
| BILLY LOVE DAWKINS         ) | |
| MATTHEW EDWARD WEEKLEY,    ) | |
| ) | |
| Defendants.  ) | |

O R D E R

AND NOW, this 28th day of October, 2009, IT IS HEREBY ORDERED that this Court will retain concurrent jurisdiction with the Third Circuit Court of Appeals, and jury selection and trial will commence on Monday, November 2, 2009, at 9:30 a.m.

Defendant Billy Love Dawkins has filed a Notice of Appeal from this Court's Order denying his Motion to Dismiss on double jeopardy grounds. The filing of a notice of appeal typically divests a district court of its jurisdiction over a case. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58-59 (1982). Furthermore, "[i]n Abney [v. United States, 431 U.S. 651, 660-61 (1977)], the Supreme Court held that the denial of a motion to dismiss on grounds of double jeopardy is an appealable order...under the collateral order exception...." United States v. Leppo, 634 F.2d 101, 104 (3d Cir. 1980). Nevertheless, "[t]he denial of a double jeopardy motion does not divest the district court of jurisdiction to proceed with trial, if the district court has found

1

the motion to be frivolous and supported its conclusions by written findings. Rather, both the district court and courts of appeals shall have jurisdiction to proceed." Id. at 105.

In its Order dated October 26, 2009, this Court found that Defendant Billy Love Dawkins' Motion to Dismiss was frivolous by application of the dual sovereignty doctrine. Therefore, as stated, this Court will retain concurrent jurisdiction and jury selection and trial will commence on Monday, November 2, 2009, at 9:30 a.m.

                                                  s/Alan N. Bloch
                                                  United States District Judge

ecf:     Counsel of record