IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No. 08-412 |
| ) | See Civil Action No. 11-1543 |
| BILLY LOVE DAWKINS, ) | |
| ) | |
| Defendant/petitioner. ) | |

O R D E R

AND NOW, this 27th day of January, 2012, upon consideration Petitioner's pro se "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (document No. 564), filed in the above captioned matter on December 6, 2011, and in further consideration of Petitioner's pro se response to the Court's December 7, 2011 Show Cause Order, which includes a motion for appointment of counsel and for an extension of time (document No. 567), filed on December 28, 2011 (document No. 567),

IT IS HEREBY ORDERED that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is DISMISSED, and IT IS FURTHER ORDERED that the motions for appointment of counsel and for an extension of time are DENIED as moot.

On November 3, 2009, Petitioner pled guilty to Count One of the indictment, charging him with conspiracy to distribute and

1

possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. In connection with his plea, he and the Government entered into a plea agreement (document No. 356) which included a provision that Petitioner "further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." The Court accepted Petitioner's plea.

Petitioner's sentencing commenced on April 26, 2010, but recommenced on April 27, and again on May 3, at which time the Court sentenced him to 360 months' imprisonment and 5 years' supervised release. Judgment was entered on May 3, 2010. Defendant filed a notice of appeal on May 7, 2010. However, on August 27, 2010, the Third Circuit Court of Appeals granted the Government's motion to enforce the appellate waiver contained in Petitioner's plea agreement and summarily affirmed Petitioner's conviction and sentence.

After the dismissal of his appeal, Petitioner filed the present motion pursuant to 28 U.S.C. § 2255. Because the Court was aware of the waiver of the right to file a Section 2255 motion contained in the plea agreement entered into by Petitioner, it ordered Petitioner to show cause why his motion should not be dismissed on the basis of this waiver no later than December 28,

2011. Petitioner did not respond, but, instead, on December 28, requested appointment of counsel and an extension of time in which to respond. A month has now passed since this request, and Petitioner still has not responded.

Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a). However, a criminal defendant may waive his right to file a motion under Section 2255 or to otherwise seek collateral relief. Such a waiver is valid if entered into "knowingly and voluntarily" unless it would work a "miscarriage of justice." United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v. Mabry, 536 F.3d 231, 237-38 (3d Cir. 2008). A district court has an affirmative duty to conduct an evaluation of the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice. See Mabry, 536 F.3d at 237-38.

Here, Petitioner clearly and unambiguously waived his right to file a motion under Section 2255 or to otherwise seek collateral relief. The Court notes that, although not

dispositive, the Third Circuit enforced the waiver of Petitioner's appellate rights contained in the same plea agreement. Regardless, the record demonstrates that the waiver is enforceable. There is no basis for finding that the waiver was anything other than knowing and voluntary. The Court questioned Petitioner extensively regarding the waiver of his right to appeal or file a collateral attack as to his plea and sentence:

> Mr. Dawkins, do you understand that ordinarily you or the Government may have the right to appeal any sentence the court imposes; however, the Court notes that in paragraph A9 of the plea agreement, you and the Government agreed that you would waive, that is, give up your right to take a direct appeal from your conviction or sentence subject to the following exceptions:
>
> First, if the United States appeals from the sentence, you may take a direct appeal from the sentence. Do you understand that?
>
> You may also take a direct appeal from the sentence only on the following grounds:
>
>> (1) the sentence exceeds the applicable statutory limits set forth in the United States Code. Do you understand that?; or
>>
>> (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines. Do you understand that?
>
> To repeat, by these provisions of the plea agreement, you are giving up the right to appeal both the validity of your plea of guilty and the legality of your sentence. Do you understand that?
>
> Further, you have also waived the right to file a motion to vacate sentence under Title 28, United States Code, Section 2255, and the right to file any other collateral proceeding attacking your

conviction or sentence. Do you understand that?

Petitioner answered all of these questions in the affirmative. The Court therefore continued:

> The waivers you have entered into are generally enforceable if entered into knowingly and voluntarily unless they work a miscarriage of justice. Has anyone made a threat to you or anyone else that has forced you to waive these rights?
>
> Has anyone made any promise to you other than the promises made in the plea agreement that has induced you to waive these rights?

When Petitioner responded in the negative, the Court found the waivers to be knowing and voluntary.

Moreover, no miscarriage of justice would occur as a result of the enforcement of the waiver. As the Third Circuit has explained, in determining whether there would be a miscarriage of justice, the Court must consider factors such as the clarity of the alleged error, its gravity, its character, the impact of the error on Petitioner, the impact of correcting the error on the Government, and the extent to which Petitioner acquiesced in the result. See Khattak, 273 F.3d at 563 (citing United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)). Applying those factors here demonstrates that no miscarriage of justice will occur by enforcing the collateral waiver.

As noted, Petitioner has not offered any explanation as to why the waiver should not be enforced. However, in any event, the Court's independent evaluation has identified nothing in the

5

record that would suggest that enforcement would work a miscarriage of justice. Petitioner suggests that, in violation of his plea agreement, the quantity of controlled substance attributable to him for sentencing purposes was not litigated in open court. He claims that the Government breached its agreement with him by failing to do so. He requests that he be "brought before the Court and have the quantity of the controlled substance that was attributable to [him] in this case for purpose[s] of 2D1.1 of the Sentencing Guidelines be litigated by the parties because this process was not done prior to the imposition of sentence." It is an understatement to call this argument frivolous.

Petitioner apparently has forgotten the two days of testimony regarding the attributable drug quantity on April 26 and 27, 2010, prior to the imposition of sentence on May 3. Both he and the Government were permitted to and did present numerous witnesses and exhibits regarding this issue. The Court did not make any findings regarding drug quantity until it had considered this evidence. Indeed, the Court had expressly informed the parties that it could not determine the recommended guideline sentencing range until the parties had been heard as to this issue. The process worked in precise accordance with Petitioner's plea agreement.

Accordingly, Petitioner's motion is dismissed. Moreover, because Petitioner waived his right to file any such motion, this Court does not reach the merits of Petitioner's claims, and there would be no basis for issuing a certificate of appealability, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

s/Alan N. Bloch<br>
United States District Judge

ecf:   Counsel of record

cc:    Billy Love Dawkins, GY-1627
       SCI Huntingdon
       1100 Pike Street
       Huntingdon, PA  16654